USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT DEREK LURCH, JR.,                    :
                                            :
            Plaintiff,                      :        **ORDER**
                                            :
      -v-                                   :        19-CV-4350 (PAE) (JLC)
                                            :
THE CITY OF NEW YORK, *et al.*              :
                                            :
            Defendants.                     :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

There are two pending matters before this Court: pro se plaintiff Robert Derek Lurch, Jr.'s renewed application for the appointment of pro bono counsel by letter dated April 17, 2020 (Dkt. No. 39), and the City of New York's motion to stay all proceedings in this case for 90 days dated April 13, 2020 (Dkt. No. 38). For the reasons set forth below, Lurch's application for counsel is denied without prejudice and the City of New York's motion to stay is granted to the extent that certain deadlines will be extended until July 27, 2020.

Lurch filed this lawsuit alleging that defendants falsely arrested him in 2018. Though he reports in his recent letter that he does not recall whether he made a previous request, Lurch did, in fact, seek pro bono counsel on September 26, 2019, which was denied by the Court. Dkt. Nos. 20, 21. Lurch has now filed a renewed application and provided the following reasons in support: (1) "due to the current corona[virus] pandemic, [he is] unable to do any legal research to litigate [his] case because inmates are no longer able to go to the law library"; and (2) he is

1

inexperienced in "negotiating settlements," "deposing and cross-examining witnesses or defendants," and "listing the right evidence and documents in [his] discovery request that will help [his] position later at trial." Dkt. No. 39 at 1–2.

As it previously advised the plaintiff, the Court does not have a budget to pay appointed counsel in civil cases and has no power to enlist a lawyer to serve without pay. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). The Court must be mindful that volunteer attorney time is a precious commodity, especially in these unprecedented times, and "courts should not grant such applications [for appointment of counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). For the Court to order the appointment of counsel, a petitioner must make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Only then can the Court consider the other factors appropriate to the determination of whether counsel should be appointed: "the [petitioner's] ability to investigate the crucial facts, . . . , the [petitioner's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Johnston*, 606 F.3d at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986)).

At this point in the proceedings, the Court denies Lurch's application for appointment of counsel without prejudice to renewal because the Court cannot

2

conclude based on the current record that his claims are substantial or that he is likely to succeed on the merits. The individual defendant, Salathia Mixon, has not yet filed her answer and there has been no motion practice or any discovery. In short, this case is still in its infancy. Accordingly, a request for counsel cannot be granted at this early stage in the proceedings.

With respect to the pending motion to stay, the City seeks to "stay the present civil proceeding in its entirety for ninety (90) days, including all scheduled deadlines, discovery, and a *sua sponte* stay of the answer to the Second Amended Complaint on behalf of defendant Mixon, in light of the recent developments surrounding the COVID-19 pandemic." Dkt. No. 38 at 1. The City of New York notes that Lurch "does not consent to this request because he has not yet made any discovery demands." *Id.* To date, Lurch has not filed any opposition to the motion and did not address it in his submission seeking counsel. Given the current and ongoing disruptions caused by COVID-19 and that this is the City of New York's first request for a stay, the request to stay this case for 90 days is hereby granted to the extent that all deadlines are extended until July 27, 2020. The Court also *sua sponte* extends the deadline for defendant Mixon to respond to the Second Amended Complaint until **July 27, 2020**. This extension will provide Lurch with additional time to prepare his case as he waits for access to the law library in his facility. It will also give defendants time to collect any documents relevant to the incidents giving rise to this lawsuit over the next 90 days so they will be able to produce them to plaintiff sometime in August. To be clear, this case is not stayed; the Court is

simply extending all deadlines until **July 27, 2020**. Once defendant Mixon has answered the second amended complaint, the Court will plan to schedule a telephone conference, presumably sometime in August to the extent it is feasible to do so, to discuss a schedule for discovery and also to talk about the possibility of settlement. To that end, the City is directed to submit a letter to the Court by **July 27, 2020** proposing a discovery schedule for this case.

The Clerk is respectfully directed to close Docket number 38 and mark it as "granted to the extent deadlines are extended until July 27, 2020."

**SO ORDERED.**

Dated:  New York, New York
        April 27, 2020

_____
JAMES L. COTT
United States Magistrate Judge

A copy of this Order has been mailed to the following address:

Robert Derek Lurch, Jr.
BKC3492000961
VCBC
1 Hallack Street
Bronx, NY 10474